NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN BALLOU, individually and on behalf of all others similarly situated,<br><br>    Plaintiff(s),<br><br>v.<br><br>BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW OF NORTH AMERICA, LLC,<br><br>    Defendants. | Civil Action No.: 18-11765<br><br>**OPINION** |

**CECCHI, District Judge.**

## I.    INTRODUCTION

This matter comes before the Court on defendant BMW of North America, LLC's[1] ("BMW NA" or "Defendant") motion to dismiss (ECF No. 11, "MTD") plaintiff Susan Ballou's ("Plaintiff") putative class-action complaint (ECF No. 1, "Compl."). Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed Defendant's motion (ECF No. 12, "Opp."), and Defendant replied in support of its motion (ECF No. 13, "Reply"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## II.    BACKGROUND

Plaintiff brings this putative class action on behalf of purchasers of certain MINI Cooper[2] vehicles (the "Class Vehicles") equipped with specific engines (the "Class Engines") that are

---

[1]  Plaintiff's claims are also asserted against defendant Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") (collectively, with BMW NA, "Defendants"). *See generally* Compl. However, BMW NA's counsel has raised an issue as to whether BMW AG has been served. *See* ECF No. 20. Accordingly, BMW AG did not join BMW NA's motion to dismiss.

[2]  MINI is a marque of Defendants. *Id.* ¶ 1 n.1.

purportedly predisposed to premature chain assembly system failure (the "Chain Defect").  Compl. ¶¶ 2–5.  The Class Vehicles include, but are not limited to, MINI Cooper models R55, R56, R57, R58, and R59 utilizing the N16 or N18 engine, model years 2011 through (and including) 2015, sold and/or leased in the United States.  *Id.* ¶ 1 & n.2.

Plaintiff alleges that the Chain Defect results from manufacturing, material, and/or workmanship defects.  *Id.* ¶¶ 4, 38, 116.  According to Plaintiff, primary chain assembly failure presents a significant safety hazard to a vehicle's driver and passengers, and to other motorists, due to the potential for unexpected and unwarned loss of engine power and power-assisted steering, limited ability to accelerate or maintain vehicle speed, reduced braking capabilities, and the possibility of sudden and catastrophic engine self-destruction.  *Id.* ¶¶ 2–5.  Plaintiff claims that this defect was exacerbated by Defendants' failure to include proper information about engine timing chain assembly inspection, maintenance, and/or service intervals in the Owner's Manual and Service and Warranty pamphlet.  *Id.* ¶ 5.

Plaintiff contends that Defendants knew or should have known about the Chain Defect when selling the Class Vehicles, and moreover, that Defendants concealed this risk from Plaintiff and failed to take appropriate remedial action while Plaintiff owned and operated her Class Vehicle.  *Id.* ¶¶ 41–44, 52–54, 59–65.  Plaintiff contends that Class Engine failures resulting from the Chain Defect can cost Class Vehicle owners between $3,000 and $15,000 and have resulted in diminution in Class Vehicle resale value.  *Id.* ¶ 7.

Plaintiff, a Florida resident, purchased a new 2012 MINI Clubman S, equipped with a Class Engine, from an authorized Florida dealer in March 2012.  *Id.* ¶ 12.  The Class Vehicle purchase came with a limited express warranty covering a period of 48 months or 50,000 miles, whichever comes first.  *Id.* ¶¶ 46, 114.  Plaintiff purportedly experienced engine primary chain assembly

failure in February 2018 at 46,062 miles. *Id.* ¶ 12. Plaintiff avers that while the failure occurred outside the warranty period, her Class Vehicle "exhibited unmistakable symptoms (known only by the [D]efendants) of degradation and impending premature failure within the express warranty period." *Id.* ¶ 52. Plaintiff alleges that she incurred approximately $3,000 in expenses replacing the primary timing chain in her Class Vehicle after it purportedly failed prematurely, which Defendants refused to reimburse. *Id.* ¶¶ 12, 115. Plaintiff maintains that she would not have purchased her Class Vehicle had Defendants disclosed that Class Vehicles were prone to premature failure and/or the respective safety risks. *Id.* ¶ 168.

Plaintiff initiated this action on July 18, 2018, on behalf of a nationwide class and Florida subclass, contending that Defendants breached express and implied warranties and defrauded consumers by failing to disclose the Chain Defect. *Id.* ¶ 1. The complaint specifically alleges breach of express warranty (Count One); breach of implied warranty of merchantability (Count Two); violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310 ("MMWA") (Count Three); violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.* ("FDUTPA") (Count Four); negligent misrepresentation (Count Five); and unjust enrichment (Count Six). *Id.* ¶¶ 112–84. Defendant filed the instant motion to dismiss Plaintiff's putative class-action complaint pursuant to Rule 12(b)(6). *See* MTD. Plaintiff filed an opposition (*see* Opp.) to which Defendant replied (*see* Reply). The Court will address Defendant's arguments in turn below.

## III.    <u>LEGAL STANDARD</u>

### Federal Rule of Civil Procedure 12(b)(6)

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party.  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6).  *Iqbal*, 556 U.S. at 678 (citations omitted).  Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## IV.   **DISCUSSION**

### A.  Choice of Law

The parties dispute whether New Jersey or Florida law applies to Plaintiff's claims.[3] While New Jersey's choice of law principles apply to this matter since federal courts with diversity jurisdiction must apply the choice of law principles of the forum state, *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941), the Court need not decide which state's law applies to Plaintiff or a proposed nationwide class (or any subclass) at the motion to dismiss stage in this litigation.  "Applying the factors necessary to determine choice of law . . . is a very fact-intensive inquiry."  *Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712, 721 (D.N.J. 2011) (citing

---

[3] Plaintiff's complaint states that "New Jersey law should govern all substantive aspects of this litigation" as "New Jersey has the most significant relationship to the conduct that gave rise to this litigation since BMW LLC's wrongful activities were orchestrated at its New Jersey headquarters." Compl. ¶ 17.  Plaintiff then draws on both New Jersey and Florida law throughout her pleading and briefing.  *See generally id.*; Opp.  Defendant, conversely, asserts that "Florida law presumptively applies" because Plaintiff is "a Florida resident who purchased her vehicle in Florida, used her vehicle in Florida, and suffered the alleged timing-chain failure in Florida."  Def. Br. at 5 n.4.  However, Defendant also cites to New Jersey law in its briefing.  *See, e.g.*, *id.* at 11. Neither side engages in a thorough choice-of-law analysis.

*Harper v. LG Elecs. USA, Inc.*, 595 F. Supp. 2d 486, 491 (D.N.J. 2009) (postponing choice of law analysis "until the parties present a factual record full enough")).  The choice of law analysis, therefore, has "routinely been found to be premature at the motion to dismiss phase of a class action lawsuit." *In re Volkswagen Timing Chain Product Liability Litigation*, No. 16–2765, 2017 WL 1902160, at *10 (D.N.J. May 8, 2017); *see also Prudential Ins. Co. of Am. v. Goldman Sachs & Co.*, No. 12–6590, 2013 WL 1431680, at *5 (D.N.J. Apr. 9, 2013) (choice of law analysis on motion to dismiss premature); *In re Samsung DLP Television Class Action Litig.*, No. 07–2141, 2009 WL 3584352, at *3 (D.N.J. Oct. 27, 2009) (same).  Here, the Court requires a more developed factual record to make a choice of law conclusion, and thus declines to determine whether New Jersey or Florida law applies at this stage.[4]

### B.  Breach of Express Warranty (Count One)

Defendant moves to dismiss Plaintiff's express warranty claims on the ground that Plaintiff's alleged chain failure occurred after the agreed upon warranty period.  ECF No. 11-1 ("Def. Br.") at 5–6.  Plaintiff argues that the Chain Defect manifested through performance

---

[4] Although the Court finds a choice of law analysis to be premature, it "must still determine whether Plaintiff[] ha[s] succeeded in stating a claim in order for that claim to survive the pending motions to dismiss." *Snyder*, 792 F. Supp. 2d at 721.  Here, as a general principle, "[s]ince Plaintiff[] ha[s] made [her] allegations under New Jersey law, [(*see* Compl. ¶ 17),] the Court will apply New Jersey law for the purpose of examining [her] claim[s] under the Rule 12(b)(6) standard." *Id.*  However, the Court will use Florida substantive law to assess the viability of Plaintiff's unjust enrichment claim (Count Six) as Plaintiff and Defendant cite only to Florida law in their briefing and provide no analysis of New Jersey law.  *Cf. Manley Toys, Ltd. v. Toys "R" Us, Inc.*, No. 12-3072, 2013 WL 244737, at *2 (D.N.J. Jan. 22, 2013) ("Because the parties have argued the viability of the . . . claims as though New Jersey substantive law applies, the Court will assume that to be the case.") (citing *USA Mach. Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999)).  Of course, Florida law also governs Plaintiff's FDUTPA claim.

degradation during the warranty period and, regardless, that the claims survive due to the alleged substantive and procedural unconscionability of the express warranty.[5]  Opp. at 10–14.

Courts have found that plaintiffs may establish unconscionability at the pleading stage to survive a motion to dismiss based upon similar allegations.  *See Henderson v. Volvo Cars of N. Am.*, LLC, No. 09–4146, 2010 WL 2925913, at *9 (D.N.J. July 21, 2010) (finding that an action brought outside the express warranty period could survive a motion to dismiss where plaintiff sufficiently claimed unconscionability); *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2017 WL 1902160, at *11–12 (same); *In re Samsung DLP Television Class Action Litig.*, 2009 WL 358452, at *5 (D.N.J. Oct. 27, 2009) (same); *Payne v. Fujifilm U.S.A., Inc.*, No. 07–385, 2007 WL 4591281, at *5 (D.N.J. Dec. 28, 2007) (noting that plaintiff adequately pleaded unconscionability by specifically alleging that defendant knew, or should have known, of the alleged defect in the product and that defendant failed to disclose same to members of the class).

Here, Plaintiff has adequately pleaded that Defendants knew about the Chain Defect as early as 2011, misleadingly concealed it from Plaintiff at or before the time of sale, and manipulated the warranty terms to avoid paying for resultant repairs.  *See* Compl. ¶¶ 29, 32, 44, 47, 53, 75, 81, 86.  Further, Plaintiff has sufficiently alleged procedural unconscionability stemming from Defendants' exclusive knowledge of the defect, her significantly weaker bargaining position, her lack of meaningful choice in setting warranty terms, and the purported unfair and unreasonably favorable warranty terms for Defendants.  *Id.* ¶¶ 75–86; *see Henderson*, 2010 WL 2925913, at *9 & n.6 (concluding that plaintiffs sufficiently pleaded unconscionability at the motion to dismiss stage by alleging lack of "meaningful choice" in setting the warranty, a

---

[5] The Court need not resolve whether Plaintiff plausibly alleges that Chain Defect manifested during the warranty period in light of Plaintiff's unconscionability argument.  *See* Def. Br. at 5–6; Opp. at 13–14.

"gross disparity in bargaining power" between defendants and the class members, and that defendants had knowledge that the part would fail when sold); *Skeen v. BMW of N. Am.*, LLC, No. 13–1531, 2014 WL 283628, at \*14 (D.N.J. Jan. 24, 2014) ("It is not conclusory to state that a consumer purchasing a car has less bargaining power than the manufacturer and that he had no meaningful choice in setting the terms of the warranty."). Accordingly, the Court will not dismiss Plaintiff's claim for breach of express warranty (Count One).[6]

### C.  Breach of Implied Warranty of Merchantability (Count Two)

Defendant argues that Plaintiff's implied warranty claim fails because the Class Vehicles' express warranty limited any implied warranties to the same duration and Plaintiff did not discover the defect until well after that warranty period had expired. Def. Br. at 7–8. Defendant further contends that Plaintiff failed to plausibly allege that the purported latent defect existed at the time of sale.[7]  *Id.* at 8–9. Plaintiff contends that her implied warranty claim should survive dismissal

---

[6] The Court is not declaring the warranty unconscionable at this juncture, but rather is finding that Plaintiff has met her burden on pleading.  "[U]nconscionability is highly fact dependent and so is not appropriate for determination on a motion to dismiss." *Skeen*, 2014 WL 283628, at \*15; *see also Gelis v. Bayerische Motoren Werke Aktiengesellschaft,* No. 17-cv-07386, 2018 WL 6804506, at \*6 (D.N.J. Oct. 30, 2018) ("But if a court thinks a contractual clause may be unconscionable, the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect.") (internal quotation omitted); *Cooper v. Samsung Electronics America, Inc.*, 2008 WL 4513924, at \*3 (D.N.J. Sept. 30, 2008) ("[M]uch of the information required to decide the issue of unconscionability is either not properly before the court . . . or not sufficiently developed by discovery" and is an issue "more suitable for decision at summary judgment").

[7] Defendant adds in a footnote that Plaintiff's claim for breach of implied warranty fails because Florida law has a requirement of privity between the Plaintiff and Defendants, which Plaintiff purportedly does not satisfy. Def. Br. at 9 n.10.  However, to determine whether New Jersey or Florida law applies, and thus whether Plaintiff must allege vertical privity to sufficiently assert her implied warranty claim, would require the Court to engage in a complete choice of law analysis. Again, such an analysis is premature at this stage. *See Opheim v. Aktiengesellschaft*, No. 20-cv-2483, 2021 WL 2621689, at \*9 (D.N.J. June 25, 2021) (finding that a determination on privity in a breach of implied warranty claim "unsuitable for adjudication on a Rule 12(b)(6) motion"); *see also Gujral v. BMW of N. Am., LLC*, No. 19-cv-20581, 2022 WL 3646627, at \*4 n.5 (D.N.J. Aug. 23, 2022).

because the Chain Defect existed at the time of sale and the vehicle exhibited symptoms of impending failure during the express warranty period.  Opp. at 13–15.

Defendant's argument that Plaintiff failed to plausibly plead that the defect manifested during the limited implied warranty period is to no avail.  This is because where a defect manifests outside a limited implied warranty period, a plaintiff may still be able to state a claim upon sufficiently alleging that the warranty was unconscionable, as is the case with a limited express warranty period.  *See Amato v. Subaru of Am., Inc.*, No. CV 18-16118, 2019 WL 6607148, at *7 (D.N.J. Dec. 5, 2019) (citing *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 519 (D.N.J. 2008); *Skeen*, 2014 WL 283628, at *12).  Here, for the reasons detailed above, Plaintiff has sufficiently pleaded unconscionability as to the warranty for purposes of the motion to dismiss.

Defendant further contends that, under Florida law, Plaintiff must plausibly allege the latent defect existed at the time of sale.  Def. Br. at 8–9.  Without deciding whether Florida law governs Plaintiff's implied warranty claim, the Court nevertheless finds that Plaintiff has adequately pleaded that the Chain Defect existed at the time of sale.  Plaintiff's claims plausibly allege that the Chain Defect resulted from faulty manufacturing, materials, and/or workmanship. *Id.* ¶¶ 4, 38, 116.  It logically follows that the Chain Defect, if proven to stem from these causes, would have been present as a latent defect in the Class Vehicle at the time of Plaintiff's purchase.

Ultimately, whether the Chain Defect and its potential to cause premature failure in Class Vehicles made those vehicles unreliable and unsafe is "a question of fact to be resolved at summary judgment or by a jury." *George v. Jaguar Land Rover N. Am. LLC*, No. 20-cv-17561, 2021 WL

5195788, at *8 (D.N.J. Nov. 8, 2021).   Accordingly, the Court denies Defendant's motion to dismiss the breach of implied warranty claim (Count Two).[8]

### D.  Violation of the Magnuson-Moss Warranty Act (Count Three)

Defendant argues that because Plaintiff's state law warranty claims fail, so too must the MMWA claims.  Def. Br. at 12–14.  Plaintiff agrees that its federal cause of action under the MMWA "rises and falls with its corresponding state-law warranty claims."  Opp. at 16.  However, Plaintiff asserts that she has stated valid breach of warranty claims, rendering the MMWA claims sufficient to survive the motion to dismiss.  *Id.*  The Court agrees with Plaintiff.

Under the MMWA, "a consumer who is damaged by the failure of a supplier . . . to comply with any obligation ... under a written warranty [or] implied warranty . . . may bring suit for damages and other legal and equitable relief . . . (B) in an appropriate district court of the United States" subject to exceptions not raised here.  15 U.S.C. § 2310(d).  Thus, the MMWA creates a federal cause of action for state law express and implied warranty claims.  Here, Plaintiff bases her MMWA claims on the underlying state law claims for breach of warranty.  Compl. ¶¶ 143–50.  As this Court has determined the sufficiency of Plaintiff's express and implied warranty claims at the pleading stage, dismissal of the MMWA claim (Count Three) is not warranted.

### E.  Violation of Florida Deceptive and Unfair Trade Practices Act (Count Four).

Defendant argues for dismissal of Plaintiff's FDUTPA claim as time-barred under Florida's statute of limitations.  Def. Br. at 15–16.  Plaintiff contends that Defendants' "affirmative

---

[8] Defendant contends in its motion to dismiss that Plaintiff's implied warranty claim is time-barred under Florida's statute of limitations.  *See* Def. Br. at 9 n.9 ("It is for this reason that Plaintiff's implied-warranty claim is also barred by the statute of limitations.").  However, it appears to abandon this argument in its reply brief.  *See* Reply at 1–2 ("But BMW NA has not moved to dismiss Plaintiff's warranty claims on statute-of limitations grounds . . . .  The issue is not one of statute-of-limitations, but one of contract.").  Therefore, the Court will not address this issue.

fraudulent misrepresentation and active fraud" warrant tolling and equitable estoppel such that the claims are timely.  Compl. ¶¶ 39–40; Opp. at 16–19.  The statute of limitations for claims under FDUTPA is four years.  Fla. Stat. § 95.11(3)(f); *Matthews v. Am. Honda Motor Co.*, No. 12–60630, 2012 WL 2520675, at *3 (S.D. Fla. June 6, 2012).  Here, Plaintiff purchased her vehicle in March 2012.  Compl. ¶ 8.  However, Plaintiff did not file suit until July 2018, more than two years after the four-year statute of limitations period had concluded in March 2016.  Therefore, the Court considers whether equitable principles allow the claim to proceed.

The statute of limitations for FDUTPA claims can be tolled if a defendant fraudulently concealed a product's alleged defect.  "A plaintiff seeking to toll the statute of limitations as a result of fraudulent concealment 'must allege . . . (1) successful concealment of the cause of action, (2) fraudulent means to achieve that concealment, and (3) plaintiff exercised reasonable care and diligence in seeking to discover the facts that form the basis of his claim.'"  *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13–61686, 2013 WL 6328734, at *6 (S.D. Fla. Dec. 5, 2013) (quoting *Burr v. Philip Morris USA Inc.*, No. 07–01429, 2012 WL 5290164, at *3 (M.D. Fla. Sept. 28, 2012)).  The fraudulent means to achieve the concealment must go beyond mere non-disclosure and must constitute willful concealment.  *Raie v. Cheminova*, Inc., 336 F.3d 1278, 1282 n.1 (11th Cir. 2003).  Alternatively, FDUTPA claims may be timely under the principle of equitable estoppel which "applies when a plaintiff is aware that he has a cause of action during the limitations period, but forbears from bringing suit because of the defendant's misrepresentations."  *Licul*, 2013 WL 6328734, at *6 (citing *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1329 (S.D. Fla. 2012); *Black Diamond Props., Inc. v. Haines*, 69 So.3d 1090, 1093–94 (Fla. 5th DCA 2011)).

Defendant argues that Plaintiff alleges insufficient facts such that tolling based on fraudulent concealment or equitable estoppel render Plaintiff's claim timely.  Def. Br. at 16.

10

Plaintiff acknowledges that she "has the ability to allege additional facts in further support of th[is] claim." Opp. at 29 n.23. The Court finds that additional and/or clarifying factual allegations would assist the Court to resolve whether Plaintiff's FDUTA claim is permissible under these equitable principles. Therefore, Plaintiff's FDUTPA claim (Count Four) is dismissed without prejudice.

### F.  Negligent Misrepresentation (Count Five)

Defendant asserts that Plaintiff's negligent misrepresentation claim is prohibited under Florida's economic-loss rule. Def. Br. at 21–23. Plaintiff appears to abandon this claim in her opposition. *See* Opp. at 28 ("[T]he defendants' motion to dismiss the complaint should be denied in its entirety with the exception of the Florida negligent misrepresentation claim."). Therefore, Defendant's motion to dismiss Plaintiff's negligent misrepresentation claim (Count Five) is granted.

### G.  Unjust Enrichment (Count Six)

Lastly, Defendant argues that Plaintiff is unable plead unjust enrichment under Florida law because Plaintiff has adequate remedies at law and because it is uncontested that a valid contract exists between the parties. Def. Br. at 23–24; Reply at 14–15. BMA NA's arguments are premature and do not warrant dismissal at this point.

Courts in Florida have recognized that at the motion to dismiss stage, unjust enrichment may be pleaded as an alternative to other remedies at law, as it is here, even where an allegedly valid contract exists governing the subject matter of the litigation. *See Harris v. Nordyne, LLC*, No. 14-CIV-21884, 2014 WL 12516076, at *7 (S.D. Fla. Nov. 14, 2014) (collecting numerous cases supporting the position that the alleged existence of an express warranty and availability of other legal remedies is insufficient to warrant dismissal of an unjust enrichment claim at the motion to dismiss stage); *see also Muzuco v. Re$ubmitIt, LLC*, No. 11-62628-CIV, 2012 WL 3242013, at

*8 (S.D. Fla. Aug. 7, 2012) ("Under the Federal Rules, a plaintiff may allege arguably inconsistent theories [including unjust enrichment] in the alternative.").

Here, despite the purported express warranty covering the Chain Defect and other causes of action available, Plaintiff sufficiently alleges in the alternative that Defendants benefited financially from its alleged breach of express and implied warranties, misrepresentations, and fraud as to constitute unjust enrichment.[9] *See* Compl. ¶¶ 177–80.  Thus, the Court will not dismiss Plaintiff's unjust enrichment claim (Count Six) at this stage.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 11) is granted as to Counts Four and Five and denied as to Counts One, Two, Three, and Six.  An appropriate Order accompanies this Opinion.

**DATED**:  June 28, 2023

/s/Claire C. Cecchi

**CLAIRE C. CECCHI, U.S.D.J.**

---

[9] The Court notes that "while a plaintiff may not recover under both legal and equitable theories," that is not a sufficient basis for "dispensing with Plaintiff's unjust enrichment claim at the motion to dismiss stage." *Muzuco*, 2012 WL 3242013, at *8.  However, should it be *proven* that a *valid* contract does, in fact, govern the relationship, unjust enrichment will no longer be a viable claim for Plaintiff.  *State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc.*, No. 11–cv–1373, 2011 WL 6450769, at *5 (M.D. Fla. Dec. 21, 2011) ("[I]t is only upon a showing that an express contract exists between the parties that the unjust enrichment ... count fails.").